IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAMES ANTHONY DANIELS**                                    **PLAINTIFF**

**v.**                                                     **No. 1:05CV273-D-B**

**SHERIFF JIM H. JOHNSON, ET AL.**                           **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of James Anthony Daniels, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this suit. The plaintiff claims that the defendants failed to protect him from the attack of another inmate. For the reasons set forth below, the plaintiff's claims must be dismissed for failure to state a claim upon which relief could be granted.

### Discussion

At breakfast on December 2, 2004, in the Lee County-Tupelo Adult Detention Center, inmate Billy Edwards approached the plaintiff and asked whose cup the plaintiff was using. The plaintiff replied that he was using the cup he was assigned. The plaintiff, who has only one arm, resumed eating his breakfast when "outta nowhere [Billy Edwards] began to beat [the plaintiff] violently." The jail staff moved the plaintiff to another pod and shortly thereafter took him to the hospital for examination; the plaintiff suffered only bruises from the attack.

The plaintiff claims that the defendants failed to protect him from the attack of inmate Billy Edwards. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted).

The legal standard in a failure to protect case is deliberate indifference. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). In order for a plaintiff to meet this standard, an "official [must] know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

The plaintiff in the instant case, however, has failed to allege the defendants consciously disregarded a substantial risk of serious harm to him. The plaintiff himself alleged that he did not anticipate the assault, in which inmate Billy Edwards came "outta nowhere" to carry out the attack. As the plaintiff himself did not anticipate that Edwards would attack him, the defendants could not have anticipated the attack, either, and thus could not have prevented it. As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of November, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE